JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

SEE ATTACHED

Northampton

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

BOWE BELL + HOWELL
3501 B TRI-CENTER BLVD.
DURHAM, NC   27713

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Durham**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ira B. Silverstein, Esq.
Lisa Carney Eldridge, Esq.
Thorp Reed & Armstrong, LLP
2005 Market St. - Su. 2010
Philadelphia, PA  19103

ATTORNEYS (IF KNOWN)

Nancy G. Ross, Esq.
Michael T. Graham, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Complaint for injunctive relief and damages pursuant to ERISA, 29 U.S.C. § 1001 et seq. as a result of defendant's unlawful termination of promised lifetime health benefits.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Injunctive relief and damages in excess of $100,000

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
Nov. 12, 2004

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| JOHN AMENDT, ET AL., | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| **v.** | : | |
| BOWE BELL + HOWELL, | : | |
| Defendant. | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Tract Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

**(a)** Habeas Corpus - Cases brought under 28 U.S.C. § 2441 through § 2255.     ( )

**(b)** Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

**(c)** Arbitration - Cases required to be designated for arbitration under Local Civil Rule 8.     ( )

**(d)** Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

**(e)** Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( x )

**(f)** Standard Management - Cases that do not fall into any one of the other tracks.     ( )

<u>Nov. 12, 2004</u>
**(Date)**

**Attorney-at-law**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ___See attached caption___

Address of Defendant: ___3501 B Tri-Center Blvd., Durham, NC  27713___

Place of Accident, incident or Transaction: ___Allentown, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                                Yes ☐   No ☐

*RELATED CASE IF ANY*

Case Number:_____ Judge _____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                         Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                         Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                         Yes ☐   No ☐

CIVIL: (Place ☒ in *ONE CATEGORY ONLY*)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(please specify) ERISA, 29 U.S.C.§ 1001 et seq.

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All other Diversity Cases (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, ___Ira Silverstein___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought.

DATE: ___Nov. 12, 2004___        _____
                                      *Attorney-at-Law*

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___11/12/04___        _____
                                  *Attorney-at-Law*

CIV. 609
(Rev. 5/89) ⊕

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN AMENDT<br>3487 Gun Club Road<br>Nazareth, PA  18064 | CIVIL ACTION NO. |
| BRUCE APPLEMAN<br>662 W. Moorestown Road<br>Bath, PA  18014 | JURY TRIAL DEMANDED |
| DAVID ARMBRECHT<br>405 Scott Drive<br>Stroudsburg, PA  18360 | |
| JAMES ASHMORE, SR.<br>1108 Elm Street<br>Bethlehem, PA  18018 | |
| GEORGE BACSKAI<br>702 Stones Crossing Road<br>Easton, PA  18045 | |
| JOHN H. BEATTY<br>705 S. Main Street<br>Stewartsville, NJ  08886 | |
| LYNN BEEKMAN<br>4226 Heritage Lane<br>Walnutport, PA  18088 | |
| RAYMOND BEHN<br>425 Jenna Lane<br>Easton, PA  18045 | |
| WILLIAM BOICE<br>1608 Hill Road<br>Easton, PA  18040 | |
| VICTORIA BOND<br>3008 William Penn Highway<br>Easton, PA  18045 | |
| CLARENCE BRINKER<br>371 Ann Street<br>Phillipsburg, NJ  088065 | |

THOMAS BRYFOGLE, SR.
5892 Sullivan Trail
Nazareth, PA  18064

JAMES BUCHMAN
Valley Park South, Apt. 242
Bethlehem, PA  18018

MYRON BUTLER
1431 Center Street
Phillipsburg, NJ  08865

JAMES CAHILL, SR.
R.R. 1 Box 178A
New Albany, PA  18833

THOMAS CAHILL
2593 Apple Street
Hellertown, PA  18055

JOHN CANAVAN
644 John Mitchell Avenue
Phillipsburg, NJ  08865

CHARLES CARSON
1105 Centre Street
Easton, PA  18042

DOROTHY CASEY
2102 New Village Road
Stewartsville, NJ  08886

CHARLES CHIDSEY
2358 N. Delaware Drive
Mt. Bethel, PA  18343

DION CLARK
4951 Steuben Road
Nazareth, PA  18064

FAITH COGAN
227 Ellen Street
Alpha, NJ  08865

FRANCIS CORTRIGHT, SR.
341 E. Nesquehoning Street
Easton, PA  18042

JOHN CRAIGLE
20 Wayne Street
Alpha, NJ  08865

DELBERT CRESSMAN
332 High Street
P.O. Box 17
Tatamy, PA  18085

PAULINE CROSSON
1408 Stones Crossing Road
Easton, PA  18045

JOHN CSISEK
3 Snyder Lane
Asbury, NJ  08802

RICHARD DAILEY
629 Milton Street
Easton, PA  18042

ROBERT DAILEY
275 Venetian Drive
Easton, PA  18040

HAROLD DE LONG
4321 Freemansburg Avenue
Bethlehem, PA  18020

CHARLES DEWEY
115 Glen Avenue
Phillipsburg, NJ  08865

PATRICK DINAN
605 Red Fox Lane
Easton, PA  18040

ALBERT DORKO
812 Sampson Avenue
Alpha, NJ  08865

MARLYNN DORKO
812 Sampson Avenue
Alpha, NJ  08865

GARY EVERITT
2779 Searns Street #19
Simi Valley, CA  93063

ELWOOD EYER
3410 Reservoir Road
Hellertown, PA  18055

ELWOOD FAHRINGER
590 Montana Road
Phillipsburg, NJ  08865

WILLIAM FAZEKAS
1010 Milford-Warren Glen Road
Bloomsbury, NJ  08804

JERRY FLANK
90 Brown's Drive
Easton, PA  18040

MINNIE FOLWEILER
1064 West Lafayette Street
Easton, PA  18042

HAROLD FOSS
648 Youngs Hill Road
Easton, PA  18040

JOHN FRANK
3363 Allen Street
Easton, PA  18045

HAROLD FRANKENFIELD
435 S. 19th Street
Easton, PA  18042

ROSEMARIE FRASIER
568-A Alpha Street
Alpha, NJ  08865

JUNE GITTINS
9 Cornish Street
Washington, NJ  07882

FRANK GLANZ
2473 Lincoln Avenue
Easton, PA  18042

RONALD GODSHALK
5360 S. Delaware Drive
Easton, PA  18040

ARNOLD GONZALEZ
1112 Buck Head Park Circle
Greentown, PA  18426

ROLLA GREGORY
2709 Kingston Road
Easton, PA  18045

JOSEPH GROMLOWICZ
457 Bellwood Avenue
Asbury, NJ  08802

RAYMOND HAINES
2643 Seip Avenue
Easton, PA  18045

ROBERT HANS
2319 Birch Street
Easton, PA  18042

RUSSELL HARING
604 Ohio Avenue
Phillipsburg, NJ  08865

RONALD HART
314 New Jersey Avenue
Phillipsburg, NJ  08865

JACK HATCH
1335 S. Main Street
Phillipsburg, NJ  08865

RICHARD HATCH
1400 Belvidere Road
Phillipsburg, NJ 08865

ROBERT HAWK
100 N. Riverview Road
Phillipsburg, NJ 08865

FREDERICK HECKMAN
4135 Gradwohl Switch Road
Easton, PA 18045

LESTER HEINRICH
245 Washington Street
Phillipsburg, NJ 08865

ALFRED HENDERSHOT
642 William Street
Pen Argyl, PA 18072

WILLIAM HUGHES
2208 Bieber Road
Nazareth, PA 18064

CARL INDERELST
1005 Low Street
Easton, PA 18045

JAMES JOHNSON
890 Stryker's Road
Phillipsburg, NJ 088065

LAWRENCE JONES
939 Carbon Street
Walnutport, PA 18088

JAMES KENNEDY
249 Belview Road
Phillipsburg, NJ 08865

GEORGE KINSEY
3820 Spear Street
Bethlehem, PA

WILLIAM LABAR
35 Ridge Road
Phillipsburg, NJ  08865

FRANCIS LEH
2360 Edgemore Avenue
Easton, PA  18045

RICHARD LILLY
341 Liberty Boulevard
Phillipsburg, NJ  08865

ROBERT LIPPINCOTT
3016 Oregon Street
Easton, PA  18045

ADOLPH LOCHER, JR.
312 Old Mill Road
Easton, PA  18040

BARBARA LOSAGIO
2434 Southmoore Drive
Bath, PA  18014

CHARLES LUCAS
900 Mitman Road
Easton, PA  18040

DONNA LUCAS
147 Riverview Road
Phillipsburg, NJ  08865

RICHARD LUCAS
147 Riverview Road
Phillipsburg, NJ  08865

GEORGE MANNERS, JR.
3 Municipal Drive
Phillipsburg, NJ  08865

ROBERT MATYAS
1920 Tenth Street
Bethlehem, PA  18020

MAE MILLER
5128 Driftwood Drive
Easton, PA  18040

DOUGLAS MOYLE
P.O. Box 204
Belvidere, NJ  07823

ELKE NACE
90 Stonehenge Drive
Phillipsburg, NJ  08865

ANNA OVADY
912 East Boulevard
Alpha, NJ  08865

LEE PETTIT
128 Broad Street
Phillipsburg, NJ  08865

GEORGE PIATT
P.O. Box 273
Bloomsburg, NJ

BERNARD PRICE
211 Irwin Street
Phillipsburg, NJ  08865

JOSEPH PUCCIO
135 Vista Drive
Easton, PA  18040

HOWARD PYATT
174 Chambers Street
Phillipsburg, NJ  08865

SHIRLEY PYATT
174 Chambers Street
Phillipsburg, NJ  08865

BETTY REESE
38 Davis Street
Phillipsburg, NJ  08865

STANLEY REIGER
536 Alpha Street
Alpha, NJ  08865

CHARLES RODGERS
2708 Bushkill Street
Easton, PA  18045

ANTHONY ROMAGNOLI
1011 Yorkshire Road
Bethlehem, PA  18017

ELMER RUSH
112 Washington Street
Stewartsville, NJ  08886

PAULINE RYAN
1715 A Buter Street
Easton, PA  18042

ALFRED SAGAZIO
3007 John Street
Easton, PA  10845

ALEEN SALISBURY
100 Grandview Drive #221A
Easton, PA  18045

DANIEL SCHAFER
P.O. Box 356
Stewartsville, NJ  08886

ARTHUR SERFASS
54 E. Highland Terrace
Nazareth, PA  18064

ROBERT SHOEMAKER
2225 Stocker Mill Road
Easton, PA  18045

NORMAN SMITH
P.O. Box 484
Bloomsbury, NJ  08804

ROBERT SMITH
431 Heritage Lane
Nazareth, PA  18064

RICHARD SNYDER
150 West Lincoln Street
Easton, PA 18042

ROBERT SPILLER
122 S. 6th Street
Phillipsburg, NJ  08865

ROGER SPONDER
211 New Jersey Avenue
Phillipsburgh, NJ  08865

SHARRON STEFANO
403 Ohio Avenue
Phillipsburg, NJ  08865

DANIEL STILL
399 Adams Lane
Bath, PA  18014

ROBERT STOCKER
313 Liggett Boulevard
Phillipsburgh, NJ  08865

RUSSELL STORM
597 Grouse Drive
Bath, PA  18014

RONALD STUEBER
540 River Road
Phillipsburg, NJ  08865

LASZLO SZABO
4730 Charles Street
Easton, PA  18045

CHARLOTTE TERSIGNI
1308 West Boulevard
Alpha, NJ  08865

P0026238.DOC

KENNETH THOMPSON
215 Henderson Street
Phillipsburg, NJ  08865

AUGUSTINE TRINCHERIA
595 Franklin Street
Alpha, NJ  08865

SAMUEL UVARY
1035 Grand Street
Phillipsburg, NJ  08865

EDWARD VAN HORN
102 Lewis Street
Phillipsburg, NJ  08865

HAROLD VANSETERS
2630 Belvidere Road
Phillipsburg, NJ  08865

WILLIAM VENNER
317 Lincoln Street
Phillipsburg, NJ  08865

MARY VENNER
317 Lincoln Street
Phillipsburg, NJ  08865

FRANCIS WALLBILLICH
1004 Railroad Avenue
Phillipsburg, NJ  08865

SANDRA WALLBILLICH
1004 Railroad Avenue
Phillipsburg, NJ  08865

KENNETH WEAVER
2481 Schlegel Road
Bath, PA  18014

ZACHARIAH WILLIAMS
23 Sycamore Drive (Hickory Hills)
Bath, PA  18014

FLOYD WISMER
69 Sitgreaves Street
Phillipsburg, NJ 08865

RICHARD YOUPA
14 Sunrise Boulevard
Lenhartsville, PA  19534

DENISE YOUPA
14 Sunrise Boulevard
Lenhartsville, PA  19534

REBECCA YOUPA
14 Sunrise Boulevard
Lenhartsville, PA  19534

AARON YOUPA
14 Sunrise Boulevard
Lenhartsville, PA  19534

RICHARD YOUPA, JR.
14 Sunrise Boulevard
Lenhartsville, PA  19534

    And

JOHN ZAGRA
11 Park Street
Belvidere, NJ  07823

    Plaintiffs

    v.

BOWE BELL + HOWELL COMPANY
3501 B TRI-CENTER BLVD.
DURHAM, NC  27713

    Defendant

P0026238.DOC

## **COMPLAINT**

Plaintiffs, through their counsel, Thorp Reed & Armstrong, file the following complaint for injunctive relief and damages against defendant Bowe Bell + Howell Company ("Bell + Howell"):

### **Introduction**

1.   This action is a claim for injunctive relief and damages by the above-named plaintiffs, who are former hourly workers at Bell + Howell's facility in Allentown, Pennsylvania or spouses and dependent children of the workers.  Plaintiffs were all members of the hourly workers' union, the IMMCO Employees Association ("IMMCO") and were told, both orally and in writing, that Bell + Howell would provide them, their spouses and dependents with lifetime health benefits as part of their pension plan.  Plaintiffs relied on those representations when they made their decision to retire from Bell + Howell.

2.   Effective January 1, 2004, Bell + Howell effectively terminated its provision of health benefits to its retired IMMCO workers claiming it had a "reservation of rights" to modify and/or terminate the health benefits.  Retirees (and their spouses) under the age of 65 were allowed to participate in the "new" Bell + Howell plan, but only if they paid significant monthly premiums as well as various co-pays and deductibles.  Those IMMCO retirees (and their spouses) who were 65 and over as of January 1, 2004 were simply terminated from the plan.

3.   As a result of Bell + Howell's termination of their health benefits, Plaintiffs suffered and continue to suffer significant damage.  Most of the Plaintiffs are on a limited income consisting of their Bell + Howell monthly pension and social security.  The premium payments, co-pays and deductibles now eat up most or more of the Plaintiffs' entire income, forcing them to use up any savings they have and interfering with their ability to pay other significant costs, such as taxes and mortgages.  Many of the Plaintiffs and their spouses have significant medical problems and are unable to pay for necessary medical care and are putting off recommended testing and courses of treatment because they cannot afford it.  Other Plaintiffs are struggling to pay their prescription drug bills.  Some Plaintiffs are not taking the medicine that they should or are cutting dosages (without the approval of their doctor) in order to make their prescriptions last.

4.   Bell + Howell's actions in terminating its paid medical benefits for the retired IMMCO workers is an unlawful diminution of accrued and vested pension benefits in violation of Section 204(g) of ERISA, 29 U.S.C. §1054(g).  Bell + Howell also breached its fiduciary duty under ERISA by not following the terms of its pension plan and by failing to advise its workers before they retired that Bell + Howell viewed the retiree health benefits as terminable at will. Plaintiffs seek damages and injunctive relief under ERISA as well as damages under theories of misrepresentation and estoppel.

## The Parties

5.   Plaintiff John Amendt was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in March, 1994.  Mr. Amendt resides at 3487 Gun Club Road, Nazareth, Pennsylvania, with his wife Dorothy Amendt.

6.   Plaintiff Bruce Appleman was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Mr. Appleman resides at 662 W. Moorestown Road, Bath, Pennsylvania, with his wife Lillian Appleman.

7.   Plaintiff David Armbrecht was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Armbrecht resides at 405 Scott Drive, Stroudsburg, Pennsylvania, with his wife Marcia Armbrecht.

8.   Plaintiff James Ashmore was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 2001.  Mr. Ashmore resides at 1108 Elm Street, Bethlehem, Pennsylvania, with his wife Rose Ashmore.

9.   Plaintiff George Bacskai was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. Bacskai resides at 702 Stones Crossing Road, Easton, Pennsylvania, with his wife Mary Ann Bacskai.

10. Plaintiff John Beatty was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Beatty resides at 705 South Main Street, Stewartsville, New Jersey, with his wife Carol Beatty.

11. Plaintiff Lynn Beekman was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 1993.  Mr. Beekman resides at 4226 Heritage Lane, Walnutport, Pennsylvania.

12. Plaintiff Raymond Behn was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in July, 1991.  Mr. Behn resides at 425 Jenna Lane, Easton, Pennsylvania, with his wife Carmella Behn.

13. Plaintiff William Boice was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1983.  Mr. Boice resides at 1608 Hill Road, Easton, Pennsylvania, with his wife Lillie Boice.

14. Plaintiff Victoria Bond was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in 1992.  Ms. Bond resides at 3008 William Penn Highway, Easton, Pennsylvania.

15. Plaintiff Clarence Brinker was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in June, 1997.  Mr. Brinker resides at 371 Ann Street, Phillipsburg, New Jersey, with his wife Frances Brinker.

16. Plaintiff Thomas Bryfogle, Sr. was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Mr. Bryfogle resides at 5892 Sullivan Trail, Nazareth, Pennsylvania, with his wife Patricia Bryfogle.

17. Plaintiff James Buchman was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2000.  Mr. Buchman resides at Valley Park South, Apt. 242, Bethlehem, Pennsylvania, with his wife Helen Buchman.

18. Plaintiff Myron Butler was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Butler resides at 1431 Center Street, Phillipsburg, New Jersey, with his wife Wilma Butler.

19. Plaintiff James Cahill, Sr. was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1998.  Mr. Cahill's address is R.R. 1, Box 178A, New Albany, Pennsylvania.  He lives with his wife Marilyn Cahill.

20. Plaintiff Thomas Cahill was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Mr. Cahill resides at 2593 Apple Street, Hellertown, Pennsylvania, with his wife Doris Cahill.

21. Plaintiff John Canavan was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1993.  Mr. Canavan resides at 644 John Mitchell Avenue, Phillipsburg, New Jersey, with his wife Jean Canavan.

22. Plaintiff Charles Carson was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1996.  Mr. Carson resides at 1105 Centre Street, Easton, Pennsylvania, with his wife Marilyn Carson.

23. Plaintiff Dorothy Casey's husband, Leo Casey, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania until 1988.  Ms. Casey resides at 2102 New Village Road, Stewartsville, New Jersey.

24. Plaintiff Charles Chidsey was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Chidsey resides at 2358 North Delaware Drive, Mt. Bethel, Pennsylvania, with his wife Geraldine Chidsey.

25. Plaintiff Dion Clark was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in January, 1997.  Mr. Clark resides at 4951 Steuben Road, Nazareth, Pennsylvania, with his wife Mable Clark.

26. Plaintiff Pauline Crosson was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Ms. Crosson resides at 1408 Stones Crossing Road, Easton, Pennsylvania.

27. Plaintiff Faith Cogan's husband, Bruce Cogan, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 2000.  Ms. Cogan resides at 227 Ellen Street, Alpha, New Jersey.

28. Plaintiff Francis Cortright, Sr. was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1991.  Mr. Cortright resides at 341 East Nesquehoning Street, Easton, Pennsylvania, with his wife Dolores Cortright.

29. Plaintiff John Craigle was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. Craigle resides at 20 Wayne Street, Alpha, New Jersey, with his wife Sandra Craigle.

30. Plaintiff Delbert Cressman was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Cressman resides at 332 Hight Street, Tatamy, Pennsylvania.

31. Plaintiff John Csisek was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Csisek resides at 3 Snyder Lane, Asbury, New Jersey, with his wife Elaine Csisek.

32. Plaintiff Richard Dailey was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1994.  Mr. Dailey resides at 629 Milton Street, Easton, Pennsylvania.

33. Plaintiff Robert Dailey was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1995.  Mr. Dailey resides 275 Venetian Drive, Easton, Pennsylvania, with his wife Marie Dailey.

34. Plaintiff Harold De Long was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 2001. Mr. De Long resides at 4321 Freemansburg Avenue, Bethlehem, Pennsylvania, with his wife Linda De Long.

35. Plaintiff Charles Dewey was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in September 1989. Mr. Dewey resides at 115 Glen Avenue, Phillipsburg, New Jersey, with his wife Margaret Dewey.

36. Plaintiff Patrick Dinan was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001. Mr. Dinan resides at 605 Red Fox Lane, Easton, Pennsylvania, with his wife Elaine Dinan.

37. Plaintiff Albert Dorko was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001. Mr. Dorko resides at 812 Sampson Avenue, Alpha, New Jersey, with his wife Marlynn Dorko.

38. Plaintiff Marlynn Dorko is the spouse of Albert Dorko and was receiving health benefits from Bell + Howell until January 1, 2004. Ms. Dorko resides at 812 Sampson Avenue, Alpha, New Jersey.

39. Plaintiff Gary Everitt was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001. Mr. Everitt resides at 2779 Searns Street, #19, Simi Valley, California, with his wife Edith Everitt.

40. Plaintiff Elwood Eyer was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in September, 2001. Mr. Eyer resides at 3410 Reservoir Road, Hellertown, Pennsylvania, with his wife Dorothy Eyer.

41. Plaintiff Elwood Fahringer was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July 1986. Mr. Fahringer resides at 590 Montana Road, Phillipsburg, New Jersey, with his wife Madeline Fahringer.

42. Plaintiff William Fazekas was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in August 2000. Mr. Fazekas resides at 1010 Milford-Warren Glen Road, Bloomsbury, New Jersey.

43. Plaintiff Jerry Flank was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001. Mr. Flank resides at 90 Brown's Drive, Easton, Pennsylvania, with his wife Margaret Flank.

44. Plaintiff Harold Foss was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July 1988. Mr. Foss resides 648 Youngs Hill Road, Easton, Pennsylvania, with his wife Carol Foss.

45. Plaintiff Minnie Folweiler's husband, Raymond Folweiler, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June 1982. Ms. Folweiler resides at 1064 West Lafayette Street, Easton, Pennsylvania.

46. Plaintiff John Frank was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June 1987. Mr. Frank resides at 3363 Allen Street, Easton, Pennsylvania, with his wife Della Frank.

47. Plaintiff Harold Frankenfield was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in January, 1990. Mr. Frankenfield resides at 435 South 19th Street, Easton, Pennsylvania, with his wife Isabel Frankenfield.

48. Plaintiff Rosemarie Frasier was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Ms. Frasier resides at 568-A Alpha Street, Alpha, New Jersey.

49. Plaintiff June Gittins' husband, Leonard Gittins, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 1981.  Ms. Gittins resides at 9 Cornish Street, Washington, New Jersey.

50. Plaintiff Frank Glanz was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. Glanz resides at 2473 Lincoln Avenue, Easton, Pennsylvania, with his wife Marie Glanz.

51. Plaintiff Ronald Godshalk was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in February, 1998.  Mr. Godshalk resides at 5360 South Delaware Drive, Easton, Pennsylvania.

52. Plaintiff Arnold Gonzalez was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Gonzalez resides at 1112 Buck Head Park Circle, Greentown, Pennsylvania, with his wife Linda Gonzalez.

53. Plaintiff Rolla Gregory was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 1998.  Mr. Gregory resides at 2709 Kingston Road, Easton, Pennsylvania, with his wife Olive Gregory.

54. Plaintiff Joseph Gromlowicz was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Gromlowicz resides at 457 Bellwood Avenue, Asbury, New Jersey, with his wife Elizabeth Gromlowicz.

55. Plaintiff Raymond Haines was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in December, 1997. Mr. Haines resides at 2643 Seip Avenue, Easton, Pennsylvania, with his wife Marilyn Haines.

56. Plaintiff Robert Hans was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 1987. Mr. Hans resides at 2319 Birch Street, Easton, Pennsylvania, with his wife Anna Hans.

57. Plaintiff Russell Haring was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in August, 1999. Mr. Haring resides at 604 Ohio Avenue, Phillipsburg, New Jersey, with his wife Jean Haring.

58. Plaintiff Ronald Hart was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1995. Mr. Hart resides at 314 New Jersey Avenue, Phillipsburg, New Jersey, with his wife Nedda Hart.

59. Plaintiff Jack Hatch was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2000. Mr. Hatch resides at 1335 South Main Street, Phillipsburg, New Jersey.

60. Plaintiff Richard Hatch was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June 2000. Mr. Hatch resides at 1400 Belvidere Road, Phillipsburg, New Jersey, with his wife Patricia Hatch.

61. Plaintiff Robert Hawk was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001. Mr. Hawk resides at 100 North Riverview Road, Phillipsburg, New Jersey, with his wife Kathleen Hawk.

62. Plaintiff Frederick Heckman was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1997.  Mr. Heckman resides at 4135 Gradwohl Switch Road, Easton, Pennsylvania, with his wife Janet Heckman.

63. Plaintiff Lester Heinrich was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 2001.  Mr. Heinrich resides at 245 Washington Street, Phillipsburg, New Jersey, with his wife Helen Heinrich.

64. Plaintiff Alfred Hendershot was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Hendershot resides 642 William Street, Pen Argyl, Pennsylvania, with his wife Joan Hendershot.

65. Plaintiff William Hughes was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Hughes resides at 2208 Bieber Road, Nazareth, Pennsylvania, with his wife Georgene Hughes.

66. Plaintiff Carl Inderelst was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1990.  Mr. Inderelst resides 1005 Low Street, Easton, Pennsylvania, with his wife Shirley Inderelst.

67. Plaintiff James Johnson was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in December, 1989.  Mr. Johnson resides at 890 Stryker's Road, Phillipsburg, New Jersey.

68. Plaintiff Lawrence Jones was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 2001.  Mr. Jones resides at 939 Carbon Street, Walnutport, Pennsylvania, with his wife Kathleen Jones.

69. Plaintiff James Kennedy was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Kennedy resides at 249 Belview Road, Phillipsburg, New Jersey, with his wife Irene Kennedy.

70. Plaintiff George Kinsey was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in December, 1991.  Mr. Kinsey resides at 3820 Spear Street, Bethlehem, Pennsylvania, with his wife Mary Ann Kinsey.

71. Plaintiff William LaBar was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. LaBar resides at 35 Ridge Road, Phillipsburg, New Jersey, with his wife Bonita LaBar.

72. Plaintiff Francis Leh was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Leh resides at 3260 Edgemore Avenue, Easton, Pennsylvania, with his wife Nancy Leh.

73. Plaintiff Richard Lilly was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 1987.  Mr. Lilly resides at 341 Liberty Boulevard, Phillipsburg, New Jersey, with his wife Virginia Lilly.

74. Plaintiff Robert Lippincott was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Lippincott resides at 3016 Oregon Street, Easton, Pennsylvania.

75. Plaintiff Adolph Locher was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Locher resides at 312 Old Mill Road, Easton, Pennsylvania.

76. Plaintiff Barbara Losagio's husband, Anthony Losagio, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 1997. Ms. Losagio resides at 2434 Southmoore Drive, Bath, Pennsylvania.

77. Plaintiff Charles Lucas was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 1991. Mr. Lucas resides at 900 Mitman Road, Easton, Pennsylvania, with his wife Muriel Lucas.

78. Plaintiff Donna Lucas was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in December 1991. Ms. Lucas resides at 147 Riverview Road, Phillipsburg, New Jersey.

79. Plaintiff Richard Lucas is the spouse of Donna Lucas and was receiving health benefits from Bell + Howell until January 1, 2004. Mr. Lucas resides at 147 Riverview Road, Phillipsburg, New Jersey.

80. Plaintiff George Manners, Jr. was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001. Mr. Manners resides at 3 Municipal Drive, Phillipsburg, New Jersey, with his wife Lindamae Manners.

81. Plaintiff Robert Matyas was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001. Mr. Matyas resides at 1920 Tenth Street, Bethlehem, Pennsylvania, with his wife Rita Matyas.

82. Plaintiff Mae Miller's husband, Wallace Miller, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1984. Ms. Miller resides at 5128 Driftwood Drive, Easton, Pennsylvania.

83. Plaintiff Douglas Moyle was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Moyle's address is P.O. Box 204, Belvidere, New Jersey.  He lives with his wife Mary Moyle.

84. Plaintiff Elke Nace was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Ms. Nace resides at 90 Stonehenge Drive, Phillipsburg, New Jersey, with her husband Kenneth Nace.

85. Plaintiff Anna Ovady's husband, Paul Ovady, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in June 1980.  Ms. Ovady resides at 912 East Boulevard, Alpha, New Jersey.

86. Plaintiff Lee Pettit was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in February, 2001.  Mr. Pettit resides at 128 Broad Street, Phillipsburg, New Jersey, with his wife Marilyn Pettit.

87. Plaintiff George Piatt was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in 1991.  Mr. Piatt's address is P.O. Box 273, Bloomsburg, New Jersey. He lives with his wife Doris Piatt.

88. Plaintiff Bernard Price was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in 1998.  Mr. Price resides at 211 Irwin Street, Phillipsburg, New Jersey, with his wife Stella Price.

89. Plaintiff Joseph Puccio was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Puccio resides at 135 Vista Drive, Easton, Pennsylvania, with his wife Patricia Puccio.

90. Plaintiff Howard "Zeke" Pyatt was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001. Mr. Pyatt resides at 174 Chamber Street, Phillipsburg, New Jersey.

91. Plaintiff Shirley Pyatt is the spouse of Howard Pyatt and was receiving healthcare benefits from Bell + Howell until January 1, 2004. Ms. Pyatt resides at 174 Chamber Street, Phillipsburg, New Jersey.

92. Plaintiff Betty Reese's husband, Edward Reese, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in September 1987. Ms. Reese resides at 38 Davis Street, Phillipsburg, New Jersey.

93. Plaintiff Stanley Reiger was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 1998. Mr. Reiger resides at 536 Alpha Street, Alpha, New Jersey, with his wife Josephine Reiger.

94. Plaintiff Charles Rodgers was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in January, 1999. Mr. Rodgers resides at 2708 Bushkill Street, Easton, Pennsylvania, with his wife Rose Marie Rodgers.

95. Plaintiff Anthony Romagnoli was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 2001. Mr. Romagnoli resides at 1011 Yorkshire Road, Bethlehem, PA, with his wife Katharine Romagnoli.

96. Plaintiff Elmer Rush was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 1999. Mr. Rush resides at 112 Washington Street, Stewartsville, New Jersey.

97. Plaintiff Pauline Ryan was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 1997. Ms. Ryan resides at 1715 A Butler Street, Easton, Pennsylvania.

98. Plaintiff Alfred Sagazio was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 2001. Mr. Sagazio resides at 3007 John Street, Easton, Pennsylvania, with his wife Carol Sagazio.

99. Plaintiff Aleen Salisbury's husband, Roland Salisbury, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania retired in June of 1980. Ms. Salisbury resides at 100 Grandview Drive #221A, Easton, Pennsylvania

100.    Plaintiff Daniel Schafer was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1989. Mr. Schafer's address is P.O. Box 356, Stewartsville, New Jersey. He lives with his wife Elli.

101.    Plaintiff Arthur Serfass was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July 1995. Mr. Serfass resides at 54 East Highland Terrace, Nazareth, Pennsylvania.

102.    Plaintiff Robert Shoemaker was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001. Mr. Shoemaker resides at 2225 Stocker Mill Road, Easton, Pennsylvania.

103.    Plaintiff Norman Smith was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in January 1999. Mr. Smith's address is P.O. Box 484, Bloomsbury, New Jersey. He lives with his wife Margaret Smith.

104.    Plaintiff Robert Smith was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Smith resides at 431 Heritage Lane, Nazareth, Pennsylvania, with his wife Annette Smith.

105.    Plaintiff Richard Snyder was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June 1988.  Mr. Snyder resides at 150 West Lincoln Street, Easton, Pennsylvania, with his wife Lucy Snyder.

106.    Plaintiff Robert Spiller was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Spiller resides at 122 South 6th Street, Phillipsburg, New Jersey, with his wife Donna Spiller.

107.    Plaintiff Roger Sponder was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Sponder resides at 211 New Jersey Avenue, Phillipsburg, New Jersey, with his wife Sharon Sponder.

108.    Plaintiff Sharron Stefano's husband, John Stefano, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Ms. Stefano resides at 403 Ohio Avenue, Phillipsburg, New Jersey.

109.    Plaintiff Daniel Still was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Still resides at 399 Adams Lane, Bath, Pennsylvania, with his wife Michele Still.

110.    Plaintiff Robert Stocker was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 1996.  Mr. Stocker resides at 313 Liggett Boulevard, Phillipsburg, New Jersey, with his wife Patricia Stocker.

111.    Plaintiff Russell Storm was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. Storm resides at 597 Grouse Drive, Bath, Pennsylvania, with his wife Raylene Storm.

112.    Plaintiff Ronald Stueber was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Mr. Stueber resides at 540 River Road, Phillipsburg, New Jersey.

113.    Plaintiff Laszlo Szabo was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and retired in 1992.  Mr. Szabo resides at 4730 Charles Street, Easton, Pennsylvania, with his wife Mary Szabo.

114.    Plaintiff Charlotte Tersigni's husband, James Tersigni, was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania until 1986.  Ms. Tersigni resides at 1308 West Boulevard, Alpha, New Jersey.

115.    Plaintiff Kenneth Thompson was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in August, 2001.  Mr. Thompson resides at 215 Henderson Street, Phillipsburg, New Jersey.

116.    Plaintiff Augustine Trincheria was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in February, 1997.  Mr. Trincheria resides at 595 Franklin Street, Alpha, New Jersey, with his wife Ruth Trincheria.

117.    Plaintiff Samuel Uvary was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 2001.  Mr. Uvary resides at 1035 Grand Street, Phillipsburg, New Jersey, with his wife Margaret Uvary.

118.    Plaintiff Edward Van Horn was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in 2001.  Mr. Van Horn resides at 102 Lewis Street, Phillipsburg, New Jersey.

119.    Plaintiff Harold VanSeters was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. VanSeters resides at 2630 Belvidere Road, Phillipsburg, New Jersey, with his wife Linda VanSeters.

120.    Plaintiff William Venner was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 1989.  Mr. Venner resides at 317 Lincoln Street, Phillipsburg, New Jersey.

121.    Plaintiff May Venner is the spouse of William Venner and was receiving health benefits from Bell + Howell until January 1, 2004.  Ms. Venner resides at 317 Lincoln Street, Phillipsburg, New Jersey

122.    Plaintiff Francis Wallbillich was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in July, 2001.  Mr. Wallbillich resides at 1004 Railroad Avenue, Phillipsburg, New Jersey.

123.    Plaintiff Sandra Wallbillich is the spouse of Francis Wallbillich and was receiving health benefits from Bell + Howell until January 1, 2004.  Ms. Wallbillich resides at 1004 Railroad Avenue, Phillipsburg, New Jersey.

124.    Plaintiff Kenneth Weaver was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in October, 2001.  Mr. Weaver resides at 2481 Schlegel Road, Bath, Pennsylvania.

125.    Plaintiff Zachariah Williams was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in May, 1988.  Mr. Williams resides at 23 Sycamore Drive (Hickory Hills), Bath, Pennsylvania.

126.    Plaintiff Floyd Wismer was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in June, 1996.  Mr. Wismer resides at 69 Sitgreaves Street, Phillipsburg, New Jersey.

127.    Plaintiff Richard M. Youpa was an hourly employee at Bell + Howell's plant in Allentown, Pennsylvania and took early retirement in November, 2001.  Mr. Youpa resides at 14 Sunrise Blvd., Lenhartsville, Pennsylvania.

128.    Plaintiff Denise Youpa is the spouse of Richard Youpa and was receiving health benefits from Bell + Howell until January 1, 2004.  Denise Youpa resides at 14 Sunrise Blvd., Lenhartsville, Pennsylvania.

129.    Plaintiff Rebecca Youpa is the dependent daughter of Richard Youpa and was receiving health benefits from Bell + Howell until January 1, 2004.  Rebecca Youpa resides at 14 Sunrise Blvd., Lenhartsville, Pennsylvania.

130.    Plaintiff Aaron Youpa is the dependent son of Richard Youpa and was receiving health benefits from Bell + Howell until January 1, 2004.  Aaron Youpa resides at 14 Sunrise Blvd., Lenhartsville, Pennsylvania.

131.    Plaintiff Richard M. Youpa, Jr., is the dependent son of Richard Youpa and was receiving health benefits from Bell + Howell until January 1, 2004.  Richard Youpa, Jr., resides at 14 Sunrise Blvd., Lenhartsville, Pennsylvania.

132.    Plaintiff John Zagra was an hourly employee at Bell + Howell's plant in

Allentown, Pennsylvania and took early retirement in June, 2001.  Mr. Zagra resides at 11 Park

Street, Belvidere, New Jersey, with his wife Loretta Zagra.

133.    Defendant Bell + Howell is a Delaware corporation.  It was formerly known, at

various times, as Bell + Howell Mail and Messaging Technologies, Bell + Howell Phillipsburg

Company and Bell + Howell Mail Processing Systems.  Its principal place of business is 3501 B

Tri-Center Boulevard, Durham, North Carolina, and it operates a facility at 795 Roble Road in

Allentown Pennsylvania ("Allentown Facility").

## Jurisdiction and Venue

134.    This Court has jurisdiction over this matter pursuant to Sections 502(a)(1)(B) and

502(a)(3) and 502(e) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§

1132(a)(1)(B), 1132(a)(3) and 1132(e) ("ERISA") as well as under 28 U.S.C. §1331 (federal

question) and 28 U.S.C. §1367 (supplemental jurisdiction).

135.    Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2), because it is the district where the breach took place and Bell + Howell still owns

and operates a facility in Allentown, Pennsylvania.  Venue is also proper under 28 U.S.C. § 1391

because a substantial part of the events giving rise to the claims made herein occurred in

Allentown, Pennsylvania, where Plaintiffs were formerly employed at the Allentown Facility.

## Operative Allegations

136.    Bell + Howell is the plan sponsor and plan administrator of the Bell + Howell

Phillipsburg Company Hourly-Rated Employees Pension Plan ("Pension Plan"), an ERISA-

qualified pension plan.  The Pension Plan was originally effective July 1, 1960 but was amended several times thereafter.  (See Pension Plan attached hereto as Exhibit "A").

137.    On July 1, 1976, the Pension Plan was again revised and amended by a Supplemental Pension Agreement and amendments thereto ("Supplemental Pension Plan") that added lifetime medical coverage to the pension benefits provided under the Pension Plan.  (See Supplemental Pension Plan attached hereto as Exhibit "B" at Section IV; Third Amendment, Section IV-5; and Fourth Amendment, Section IV-5).

138.    In relevant part, the Supplemental Pension Agreement provides that

> . . . An employee who retires on or after June 1, 1975 and is eligible to receive normal early or disability retirement benefits under the terms of the pension plan and his spouse will be eligible for benefits under the Company's hospitalization-medical/surgical benefits program and upon the death of the retired employee his surviving spouse will continue to be eligible for such hospitalization-medical/surgical benefits.  However, notwithstanding the above, any retired employee or his eligible spouse (the employee or his spouse must be 65 years or older) who subscribes to Medicare Plan B and pays the monthly subscription fee required thereunder will be provided with Blue Cross/Blue Shield 65 Special.  If the retired employee or spouse is not enrolled in Medicare Plan B the Company will provide Blue Shield Plan B Medical/Surgical insurance coverage.  The Company will pay the entire cost of such benefits for any retired employee or his eligible spouse. (emphasis added) (Exhibit B at Section IV)

139.    Section IV-5 of the Supplemental Pension Agreement was amended on June 1, 1981 providing for a lifetime prescription drug plan for its retirees as follows:

140.    . . .On and after June, 1981, the company will pay the entire costs of such prescription drug plan . . .for all employees who retired prior to June 1, 1981, or who retire on or after that date, under the normal, early or disability retirement provisions of the pension plan, and their spouses and such benefits shall continue to be provided for the balance of their lives.(emphasis added).

141.    Section IV was further amended on June 1, 1983 to provide for certain paid dental benefits until age 65. (Exhibit "B" at Fourth Amendment).

**All Plaintiffs Relied on Bell + Howell's Representations that Plaintiffs Would Receive Lifetime Health Benefits as Part of Their Pension Plan**

142.    Bell + Howell had a Pension Committee made up of members of management and members of IMMCO that met individually with each potential retiree and informed them of the benefits they would receive under their pension in retirement.  These benefits included both a monthly payment based on a "years of service" formula as well as free lifetime medical benefits for the worker, his or her spouse and dependents.

143.    Each of the Plaintiffs met with members of the Pension Committee prior to retirement and were told, both orally and in writing, that they (and their spouse and/or other dependents) would have lifetime health benefits free of cost under the Blue Cross/Blue Shield Plan "100" until age 65 and then under the "65 Special" plan from age 65 onward.  This plan included a $1 prescription drug plan.

144.    At no time did anyone from Bell + Howell tell any of the Plaintiffs that Bell + Howell believed that the lifetime health benefits were subject to "modification, reduction or elimination" and that Bell + Howell believed that the promised lifetime health benefits were terminable at will by Bell + Howell.

145.    When Plaintiffs agreed to retire, they all relied on Bell + Howell's representations that they would receive the lifetime health benefits as well as the other benefits that were available under the Pension Plan and Supplemental Pension Plan.

**Bell + Howell Used the Incentive of Promised Lifetime Health Benefits to Entice Much of its Unionized Workforce to Take Early Retirement During a 2001 Work Stoppage**

146.    In the spring of 2001, IMMCO representatives began meeting with Bell + Howell representatives to discuss the terms of a new collective bargaining agreement.  The existing agreement was to expire on May 31, 2001.

147.    In June 2001, when terms of a new collective bargaining agreement still had not been reached, the IMMCO workers offered to work under the terms of the old agreement but were not allowed to do so by Bell + Howell.

148.    Soon thereafter Bell + Howell locked out the IMMCO workers and permanently replaced the IMMCO workers with a staff of non-union laborers.

149.    During the work stoppage, Bell + Howell sought to induce the IMMCO workers to take early retirement.  In this way, Bell + Howell could rid itself completely of the union and continue forward with a non-unionized work force.

150.    The primary inducement was Bell + Howell's representations, made both orally and in writing, that if hourly employees chose early retirement, they would retire with the benefits described under the terms of the Pension Plan and Supplemental Plan, including lifetime medical benefits.  This inducement was coupled with the threat that if the hourly employees did not retire before a new Supplemental Pension Plan was implemented unilaterally by Bell + Howell, the lifetime medical benefits would be lost.

151.    All workers that took early retirement were required under the Plan to give up a number of years of service as a penalty for purposes of calculating their monthly pension check.  Most of the IMMCO workers who retired in the May 2001-November 2001 ("2001 Retirees") time period (approximately 45% of the Plaintiffs) had no intention of retiring in 2001 but were scared of losing their free lifetime health benefits.  The 2001 Retirees ended up agreeing to take

early retirement, and the reduced monthly pension payments that went with it, in exchange for securing their lifetime health benefits.

152.    Bell + Howell knew or should have known that the Company intended to cut off lifetime health benefits to its IMMCO retirees or, at the very least, that it thought it had a right at any time to modify, reduce or terminate the lifetime health benefits.

153.    At no time did anyone from Bell + Howell tell any of the Plaintiffs that the lifetime health benefits that they were promising in retirement were subject to "modification, reduction or elimination" and that Bell + Howell thought that it could eliminate the promised lifetime health benefits at any time in the future.

154.    At no time did any Bell + Howell representative advise any of the Plaintiffs, in particular the 2001 Retirees, that if their health care benefits had already vested under the Pension Plan (as they did here) that they could not be taken away by Bell + Howell even if he or she did not agree to retire early.

**The 2004 Amendments**

155.    Until January 1, 2004, Plaintiffs were provided with the health care coverage promised by Bell + Howell including a prescription drug plan that required that they only pay $1 per prescription.

156.    In the fall of 2003, Plaintiffs were sent a letter by Bell + Howell stating that it was going to terminate their health care coverage despite the fact that it was a vested pension benefit under the Pension Plan and Supplemental Pension Plan and despite the representations made by numerous Bell + Howell representatives that Plaintiffs would receive free lifetime health care benefits in retirement.

P0026238.DOC

157.    Retirees who have not yet reached age 65 now may receive reduced benefits. They now need to make certain personal contributions to their healthcare premiums; they have to pay 100% of the cost of coverage for spouses and dependents and the total amount that Bell + Howell has to pay is capped.  There are significant co-pays and family deductibles as well as increased costs for prescription drugs.

158.    As for retirees (and their spouses) who reach age 65, they no longer are eligible for <u>any coverage</u> under Bell + Howell's health plan.  These retirees have been left to piece together healthcare around Medicare or other fairly basic plans that have significant premium costs as well as co-pays, deductibles and limited or no coverage for prescription drugs.

## Damages Suffered by the Plaintiffs

159.    Plaintiffs have been significantly damaged as a result of Bell + Howell's modification/termination of their paid health benefits.

160.    Plaintiffs are struggling to meet the new demands of paying for their health care costs.  Many Plaintiffs are using up their entire pension to pay for their medical care and are unable to pay other significant bills such as mortgages and taxes.  Some have had to use significant portions of their savings already and do not know how they will continue to pay such costs into the future.

161.    Other Plaintiffs have very limited or no insurance due to the cost of premiums.

162.    Certain Plaintiffs are putting off diagnostic tests and other medical procedures that are not covered or are simply too expensive under the new plan that requires significant co-pays and deductibles.

163.    Certain Plaintiffs are unable to purchase the drug prescriptions they need or are cutting their dosages (without doctor's permission) in order to "stretch" their medication due to its high cost.

164.    Some Plaintiffs have no insurance coverage at all and/or none for their spouses because they simply cannot afford it.

## COUNT I – Claim for Pension Benefits Pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B)

165.    Plaintiffs incorporate herein by reference paragraphs 1-164 above as if fully set forth herein.

166.    The Pension Plan and Supplemental Pension Plan constitute an employee pension benefit plan pursuant to Sections 3(2)(A) and 4(a) of ERISA, 29 U.S.C. §§ 1002(2)(A), 1003(a).

167.    Plaintiffs are participants in the Pension Plan and Supplemental Pension Plan. See ERISA Section 3(7), 29 U.S.C. § 1002(7).

168.    Bell + Howell is the plan sponsor and administrator of the Pension Plan and Supplemental Pensions Plan.

169.    Bell + Howell wrongfully deprived Plaintiffs of the entitlement to lifetime health benefits that had accrued and vested under the terms of the Pension Plan and Supplemental Pension Plan.

170.    Bell + Howell's decision to reduce medical benefits for those retirees and their spouses under age 65 and eliminate all medical benefits for retirees and their spouses 65 and over was in violation of ERISA's vesting provisions relating to pension plans including, but not limited to, Section 204(g) of ERISA, 29 U.S.C. §1054(g) which prohibits a decrease in or elimination of accrued pension benefits.

P0026238.DOC

27

171.    Plaintiffs seek to recover the lifetime health benefits due to them under the terms of the Pension Plan and Supplemental Pension Plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

172.    Plaintiffs also seek to clarify their future rights to lifetime medical benefits as set forth under the Pension Plan and Supplemental Pension Plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, Plaintiffs hereby pray:

(a)  For injunctive relief requiring that Bell + Howell, its designates, officers, directors and agents reinstate all vested medical benefits of Plaintiffs (including their spouses and dependents) under the terms of the Pension Plan  and Supplemental Pension Plan;

(b)  For an injunction preventing Bell + Howell from modifying, reducing or terminating the lifetime health benefits of Plaintiffs (their spouses and dependents) in the future;

(c)  For a declaration that Bell + Howell, its designates, officers, directors and agents violated ERISA and/or the terms of the Pension Plan and Supplemental Pension Plan in adopting the 2004 Amendments as they pertain to Plaintiffs;

(d)  For equitable and remedial relief in the form of reinstatement of all vested medical benefits pursuant to the Pension Plan and Supplemental Pension Plan and restitution of all costs incurred by Plaintiffs as a result of the denial of benefits since January 1, 2004; and

(e)  Attorneys' fees, costs and such other further relief as this Court deems appropriate.

## COUNT II – Breach of Fiduciary Duty Pursuant to Section 502(a)(2) of ERISA, 29 U.S.C. §1132(a)(2)

173.   Plaintiffs incorporate herein by reference paragraphs 1-172 above as if fully set forth herein.

174.   The Pension Plan and Supplemental Pension Plan constitute an employee benefit plan pursuant to Sections 3(2)(A) and 4(A) of ERISA 29 U.S.C. §§1002(2)(A) and 1003(a).

175.   Plaintiffs are participants under the Pension Plan and Supplemental Pension Plan. See ERISA Section 3(7), 29 U.S.C. § 1002(7).

176.   Bell + Howell is a fiduciary of the Pension Plan and Supplemental Pension Plan.

177.   As a fiduciary, Bell + Howell owed a duty of care and disclosure to Plaintiffs in terms of information provided regarding their benefit rights under the Pension Plan and Supplemental Pension Agreement.

178.   Bell + Howell breached its fiduciary duty to Plaintiffs by, inter alia:

(a) failing to inform Plaintiffs that Bell + Howell believed that the promised lifetime health benefits were subject to modification, reduction and/or elimination by Bell + Howell at any time;

(b) making numerous misrepresentations to Plaintiffs that if they agreed to retire early that they would vest their lifetime benefits for themselves and their spouses; and

(c) misleading Plaintiffs into believing they would lose vested benefits if they did not retire early.

179.   Pursuant to Section 409 and 502(a)(2) of ERISA 29 U.S.C. §§1109 and 1132(a)(2), Plaintiffs seek appropriate equitable and remedial relief from Bell +Howell.

P0026238.DOC

WHEREFORE, Plaintiffs hereby pray:

(a) for injunctive relief requiring that Bell + Howell, its designates, officers, directors and agents reinstate all vested medical benefits of Plaintiffs (their spouses and dependents) under the terms of the Pension Plan and Supplemental Pension Plan;

(b) for an injunction preventing Bell + Howell from modifying, reducing or terminating the lifetime health benefits of Plaintiffs (their spouses and dependents) in the future;

(c) for a declaration that Bell + Howell, its designates, officers, directors and agents violated ERISA and/or the terms of the Pension Plan and Supplemental Pension Plan in adopting the 2004 Amendments as they pertain to Plaintiffs.

(d) for equitable relief and remedial relief in the form of reinstatement of all vested medical benefits pursuant to the Pension Plan and Supplemental Pension Plan and restitution of all costs incurred by Plaintiffs as a result of the denial of benefits since January 1, 2004 as well as the lost salary and pension of those retirees who were coerced into early retirement in 2001 in reliance on the promise of lifetime health benefits; and

(e) Attorneys' fees, costs and such other further relief as this Court deems appropriate.

**Count III – Action to Enjoin the Implementation of the 2004 Amendments and to Enjoin Bell + Howell from any further Modifications, Reductions or Terminations of Medical Benefits as Provided in the Pension Plan and Supplemental Pension Plan Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3)**

180.    Plaintiffs hereby incorporate by reference paragraphs 1-179 above as if fully set forth herein.

181.    The Pension Plan and Supplemental Pension Plan constitute an employee benefit plan pursuant to Section 3(2)(A) and 4(A) of ERISA, 29 U.S.C. §§1002(2)(A), 1003(a).

182.    Plaintiffs are participants in the Pension Plan and Supplemental Pension Plan. See ERISA Section 3(7), 29 U.S.C. §1002(7).

183.    Pursuant to Section 502(a)(3) of ERISA, 209 U.S.C. §1132(a)(3), Plaintiffs seek to enjoin Bell +Howell from implementing the 2004 Amendments  to the extent that they modify, reduce and/or terminate the lifetime medical benefits vested in Plaintiffs in violation of the Pension Plan and Supplemental Pension Plan.

184.    Plaintiffs further seek other appropriate equitable relief to ensure compliance by Bell + Howell with future payments of medical benefits pursuant to the terms of the Pension Plan and Supplemental Pension Plan.

WHEREFORE, Plaintiffs hereby pray:

(a) for injunctive relief requiring that Bell + Howell, its designates, officers, directors and agents reinstate all vested medical benefits of Plaintiffs (their spouses and dependants) under the terms of the Pension Plan and Supplemental Pension Plan;

(b) for an injunction preventing Bell + Howell from modifying, reducing or terminating the lifetime health benefits of Plaintiffs (their spouses and dependents) in the future;

(c) for a declaration that Bell + Howell, its designates, officers, directors and agents violated ERISA and/or the terms of the Pension Plan and Supplemental Pension Plan in adopting the 2004 Amendments as they pertain to Plaintiffs;

(d) for equitable relief and remedial relief in the form of reinstatement of all vested medical benefits pursuant to the Pension Plan and Supplemental Pension Plan and restitution of all costs incurred by Plaintiffs as a result of the denial of benefits since January 1, 2004 as well as lost salary/pension for those retirees who were coerced into early retirement in 2001 in reliance on the promise of lifetime health benefits;  and

(e) Attorneys' fees, costs and such other further relief as this Court deems appropriate.


**COUNT IV – Intentional and/or Negligent Misrepresentation**

185.    Plaintiffs hereby incorporate by reference paragraphs 1-184 above.

186.    Bell + Howell made misrepresentations to Plaintiffs that if they agreed to take early retirement that they and their spouses would be entitled to lifetime health benefits.

187.    These misrepresentations were made intentionally, negligently and/or with reckless disregard for their truth.

188.    Plaintiffs reasonably relied on the misrepresentations made by Bell + Howell regarding their entitlement to lifetime health benefits to their detriment.

189.    As a direct and proximate result of Bell + Howell's misrepresentations, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs hereby pray that the Court grant judgment in their favor and against Bell + Howell and award them compensatory, consequential and punitive damages, attorneys' fees, costs and such further relief as this Court deems appropriate.

## Count V – Promissory Estoppel

190.    Plaintiffs incorporate herein by reference the averments in paragraphs 1-189 above.

191.    Bell + Howell made promises in writing and orally to Plaintiffs that they would receive lifetime health benefits per the terms of the Pension Plan and Supplemental Pension Agreement.

192.    Plaintiffs relied on these promises to their detriment.

193.    Bell + Howell should be estopped from terminating the health benefits being provided to Plaintiffs.  Bell + Howell benefited as a result of the promises it made to Plaintiffs and the other IMMCO retirees by ridding itself of a unionized workforce and are now seeking again to benefit by cutting their costs of paying healthcare despite Plaintiffs' vested pension benefits that provided certain lifetime medical benefits to themselves, their spouses, and dependents.

WHEREFORE Plaintiffs hereby pray:

(a)  for injunctive relief requiring that Bell + Howell, its designates, officers, directors and agents reinstate all vested medical benefits of Plaintiffs (their

P0026238.DOC

33

spouses and dependents) under the terms of the Pension Plan and Supplemental Pension Plan;

(b) for an injunction preventing Bell + Howell from modifying, reducing or terminating the lifetime health benefits of Plaintiffs (their spouses and dependents) going forward;

(c) for equitable relief and remedial relief in the form of reinstatement of all vested medical benefits pursuant to the Pension Plan and Supplemental Pension Plan and restitution of all costs incurred by Plaintiffs as a result of the denial of benefits since January 1, 2004 as well as lost salary/pension for those retirees who were coerced into early retirement in 2001 in reliance on the promise of lifetime health benefits; and

(d) Attorneys' fees, costs and such other further relief as this Court deems appropriate.


Respectfully submitted,



BY: _____IBS 2258_____
Ira B. Silverstein, Esquire
Lisa Carney Eldridge, Esquire
Thorp Reed & Armstrong, LLP
One Commerce Square
2005 Market Street, Suite 2010
Philadelphia, PA 19103
215.563.6711
215.563.6816 (fax)


Dated:  November 12, 2004