IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN AMENDT, et al.,[1] | ) |
| | ) Civil Action |
| Plaintiffs | ) No. 04-CV-05299 |
| | ) |
| vs. | ) |
| | ) |
| BOWE BELL + HOWELL COMPANY, | ) |
| | ) |
| Defendant | ) |

O R D E R

      NOW, this 2nd day of March, 2006, upon consideration of the Supplemental Brief in Support of Plaintiffs' Motion to Certify for Immediate Appeal this Court's Order of March 14, 2005 Transferring this Case to the District Court for the Northern District of Illinois or, Alternatively, Motion for Reconsideration of the Transfer Order[2], which brief was filed by plaintiffs on May 24, 2005; upon consideration of Defendant's Response in Opposition to Supplemental Brief in Support of Plaintiffs' Motion to Certify for Immediate Appeal this Court's Order of March 14, 2005 or Alternatively, Motion for Reconsideration of the Transfer Order, which response was filed May 26, 2005; it appearing that, by Order of the undersigned dated June 3, 2005, plaintiffs' motion to certify immediate appeal of the March 14, 2005 Order was denied,

---

      1    There are 136 plaintiffs named in the caption of this case.

      2    By Order of the undersigned dated June 3, 2005 and filed June 6, 2005, the supplemental brief was stricken from the record; however the Order stated that the motion for reconsideration would be decided in due course.

         IT IS ORDERED that plaintiffs' motion for reconsideration of the March 14, 2005 transfer order is dismissed.³

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

    3    We deny plaintiffs' motion for reconsideration as both untimely and inappropriate grounds for reconsideration.

    First, as plaintiffs note in their brief, under Federal Rule of Civil Procedure 59(e), motions for reconsideration must be filed within 10 days of the Order on which they seek reconsideration.  Further, Local Rule 7.1(g) of the Local Rules of Civil Procedure of the Eastern District of Pennsylvania requires that "[m]otions for reconsideration or reargument shall be served and filed within ten (10) days of the entry of judgment, order, or decree concerned."

    In this case, the Order transferring venue was entered on March 14, 2005.  The alternative motion seeking reconsideration was filed on May 24, 2005.  Therefore, more than 10 days had passed since the entry of the Order transferring venue and the motion for reconsideration was filed.  Accordingly, we dismiss the motion for reconsideration as untimely.

    Alternatively, if we were to construe plaintiffs' motion for reconsideration as timely, we would deny the motion.

    Plaintiffs argue that the Honorable John W. Darrah's denial of class certification on May 10, 2005 is reason to reconsider our Order of March 14, 2005 transferring venue.  More specifically, plaintiffs argue that the Memorandum Opinion and Order denying class certification undermines our decision to Order a transfer of venue.  We disagree.

    As our former colleague United States District Judge Louis C. Bechtel has cogently stated:

> Local Rule 7.1(g) of Civil Procedure for the Eastern District of Pennsylvania allows a party to make motion for reconsideration.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  "Because

(Footnote 3 continued):

(Continuation of Footnote 3):

>federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa. 1995). Courts will reconsider an issue only "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." NL Industries, Inc. v. Comercial Union Ins. Co., 65 F.3d 324 n. 8 (3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

Burger King Corporation v. New England Hood and Duct Cleaning Company, No. Civ. A. 98-3610, 2000 U.S. Dist. LEXIS 1022 at *4-5 (E.D.Pa. Feb. 4, 2000)(Bechtle, J.).

      We conclude that Judge Darrah's decision not to certify the class is not "an intervening change in controlling law" because a decision from the United States District Court for the North District of Illinois Eastern Division, although it may be persuasive, is not controlling on the United States District Court for the Eastern District of Pennsylvania.

      Nor is Judge Darrah's decision "new evidence". Moreover, even if we were to consider Judge Darrah's decision as new evidence, we find that the decision does not affect our Order or the reasoning behind it. First, Judge Darrah's May 10, 2005 Memorandum Opinion and Order addressed class certification only and not venue. Second, our Order entered on March 14, 2005 and the accompanying reasons placed on the record on March 14, 2005 sets forth both our finding that Illinois is a more appropriate venue than the Eastern District of Pennsylvania and our contemplation that Judge Darrah will exercise judicial discretion in managing the progression of these cases in an appropriate manner.

      Finally, Judge Darrah's decision does not require us to "correct a clear error or prevent manifest injustice." In this case a decision not to certify a class does not mean that we committed a clear error or that a manifest injustice will result. As stated above, Judge Darrah's decision not to certify the class addressed class certification only. Moreover, Judge Darrah's decision did not affect the final disposition of plaintiff's case, which at the time of the decision was still pending. Accordingly, we would deny plaintiffs' motion for reconsideration as inappropriate grounds to seek reconsideration.